UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID J. ZIMMERMAN, | Case No. EDCV 05-802-JTL |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | |
| Defendant. | |

On August 31, 2005, David J. Zimmerman ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of plaintiff's application for social security disability and supplemental security income benefits. On September 14, 2005, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on February 14, 2006, defendant filed an Answer to Complaint. On May 15, 2006, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On August 28, 2003, plaintiff filed an application for supplemental security income. (Administrative Record ["AR"] at 60-62). In his application, plaintiff claimed that, beginning on July 15, 1985, the following impairments prevented him from working: chronic lower back pain, bipolar depression, mood disorder, homicidal and suicidal thoughts, anxiety, agoraphobia, personality changes, and instability. (AR at 70). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 21-26, 29-33). On May 28, 2004, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 34).

On March 17, 2005, the ALJ conducted a hearing in San Bernardino, California. (AR at 340-62). Plaintiff appeared at the hearing with counsel and testified. (AR at 343-52). David Glassmire, M.D., a medical expert, and Sandra Fioretti, a vocational expert, also appeared and testified. (AR at 352-59, 359-61). On April 25, 2005, the ALJ issued his decision denying benefits. (AR at 12-20). In his decision, the ALJ concluded that plaintiff suffered from a severe impairment involving mood disorder, organic mental disorders, and substance abuse in remission. (AR at 14). According to the ALJ, however, this impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404, Subpart P, Appendix 1. (Id.). The ALJ also found that, based upon plaintiff's residual functional capacity, plaintiff retained the capacity to perform a significant range of medium work, including work as a cleaner in an industrial setting, hand packager eroded by 25 percent, and a cleaner in housekeeping. (AR at 18).

Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (AR at 19).

On May 16, 2005, plaintiff filed a request with the Appeals Council for review of the ALJ's decision. (AR at 8). Upon review of plaintiff's request, the Appeals Council affirmed the ALJ's decision. (AR at 4-7).

**PLAINTIFF'S CONTENTIONS**

Plaintiff makes the following claims in the parties' Joint Stipulation:

1. The ALJ failed to properly consider testimony from plaintiff's friend.

2. The ALJ failed to properly consider the opinion of the treating physician.

3. The ALJ failed to apply SSR 00-3p in evaluating the severity of plaintiff's obesity.

4. The ALJ failed to properly discuss or consider the impact of the side effects of plaintiff's medication on his ability to work.

**STANDARD OF REVIEW**

The Court reviews the ALJ's decision under 42 U.S.C. § 405(g) to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## DISCUSSION

**A.   The ALJ's Consideration of the Treating Physician's Opinion**

Plaintiff contends that the ALJ misrepresented and failed to give proper consideration to the opinion of plaintiff's treating physician. This alleged failure to discuss "significant elements" of the treating physician's assessment, he argues, constitutes error. (Joint Stip. at 6).

An ALJ should place greater weight on a treating physician's opinion than that of an examining and non-examining physician. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995)("It is clear that more weight is given to a treating physician's opinion than to the opinion of a non-treating physician because a treating physician 'is employed to cure and has a greater opportunity to know and observe the patient as an individual.'")(quoting Magallenes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); see also Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). While an ALJ may disregard a treating physician's opinion even when no other medical evidence contradicts that opinion, the ALJ must present clear and convincing reasons for doing so. See Andrews, 53 F.3d at 1041; see also Montijo v. Secretary of Health and Human Services, 729 F.2d 599, 601 (9th Cir. 1984). When

the treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject the treating physician's opinion without providing specific and legitimate reasons supported by substantial evidence in the record. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995); see also Saelee v. Chater, 94 F.3d 520 (9th Cir. 1996). Specific and legitimate reasons can be set forth by a "detailed and thorough summary of the facts and conflicting clinical evidence, stating [the ALJ's] interpretation thereof, and making findings." Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998). More than just rendering conclusions, the ALJ must set forth interpretations and explain why his interpretations, rather than the physician's, are correct. Id.

In his decision, the ALJ wrote that the medium residual functional capacity that he adopted was "more restrictive than the limitations recommended by the notes of the treating physician." (AR at 17). First, the ALJ noted that plaintiff underwent numerous mental status examinations with only minimal limitations noted, which he incorporated into the decision. (Id.). Second, the ALJ noted that plaintiff does not receive counseling and his condition has improved through his current regimen of psychotropic medications. (Id.). Thus, the ALJ found that plaintiff's condition was stable and relatively benign based on the objective findings. (Id.).

Plaintiff's treating physicians at the Loma Linda Veteran's Administration Medical Center recorded progress notes detailing his visits from January 16, 2003 to March 2, 2004. (AR at 171-329). Between February 26, 2003 and March 2, 2004, plaintiff's treating physicians consistently diagnosed him with mood disorder, anxiety disorder, personality change, and/or rule out bipolar mood disorder.

(AR at 255, 241, 235, 230, 312, 200, 215, 307, 213-14, 303, 209, 206-07, 182, 171).  The treating physicians also assessed plaintiff with Global Assessment of Functioning[1] ("GAF") scores ranging from 23[2] on to 50.[3]  (AR at 269, 255, 241, 235, 230, 312, 200, 215, 307, 214, 303, 209, 207, 182, 171).  While the ALJ noted that the treating records indicated that plaintiff could return to work upon his discharge from hospitalization on March 6, 2003, most recent GAF scores suggest otherwise.[4]  The treating physicians also noted that plaintiff experienced suicidal and homicidal thoughts.  (AR at 199, 307).  The ALJ, however, failed to address these serious symptoms in his decision.  While the ALJ alludes to the fact that the treating physicians' opinions were more restrictive than his own assessment, he fails to specify the extent of the disparity.  The ALJ simply notes that plaintiff was diagnosed with mood disorder, not otherwise specified, anxiety disorder, not otherwise specified, rule out bipolar

---

[1] "A GAF score is a rough estimate of an individual's psychological, social, and occupational functioning used to reflect the individual's need for treatment." Vargas v. Lambert, 159 F.3d 1161, 1164 n.2 (9th Cir. 1998).

[2] A GAF score of 21 to 30 indicates "[b]ehavior is considerably influenced by delusions or hallucinations OR serious impairment in communication or judgment (e.g., sometimes incoherent, acts grossly inappropriately, suicidal preoccupation) OR inability to function in almost all areas (e.g., stays in bed all day, no job, home, or friends)." Diagnostic and Statistical Manual of Mental Disorders 34 (4th. ed, rev. 2000).

[3] A GAF score of 41-50 indicates "[s]evere symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational or school functioning (e,g., no friends, unable to keep a job)." Diagnostic and Statistical Manual of Mental Disorders 34 (4th. ed, rev. 2000).

[4] On January 1, 2004 and March 2, 2004, Ahmad K. Tarar, M.D., assessed plaintiff with a GAF score of 45, which indicates severe symptoms. (AR at 182, 171).

disorder, degenerative disc disease, low back pain and gastric hyperactivity. With respect to his mental condition, the ALJ merely noted that "[t]he findings of his mental status examination were almost identical on each visit to those stated on March 2, 2004." (AR at 16). The ALJ did not discuss with any specificity the findings regarding plaintiff's mental condition.

The Commissioner argues that Dr. Tarar, plaintiff's treating physician, did not render a specific opinion of disability and that GAF scores do not have a direct correlation to social security disability programs. (Joint Stip. at 7). The Commissioner also argues that the ALJ's failure to reference a GAF score, standing alone, does not render the ALJ's assessment inaccurate. <u>Howard v. Commissioner of Social Security</u>, 276 F.3d 235, 241 (6th Cir. 2002). In the instant case, however, the treating physicians assessed plaintiff with GAF scores on thirteen different occasions and all the assessed scores were uniformly low. (AR at 269, 255, 241, 235, 230, 312, 200, 215, 307, 214, 303, 209, 207, 182, 171). As previously noted, all the scores were at or below 50, a score which suggests disabling symptoms. (<u>Id.</u>). In addition to the consistency of the disabling GAF scores, the Court notes that in five of the thirteen instances, physicians assessed plaintiff with GAF scores at or below 30, scores that indicate serious impairment or delusional or hallucinatory behavior. (AR at 269, 255, 241, 235, 230). Moreover, as discussed above, the record showed that plaintiff experienced suicidal thoughts more than once. In light of the particular information that was discussed in the evaluations, the Court finds that the ALJ should have more thoroughly addressed the diagnoses of the treating physicians. The ALJ erred when he omitted discussion of

7

1  these facts and instead addressed plaintiff's mental condition in a
2  conclusory manner.  See Reddick v. Chater, 157 F.3d 715, 722-23 (9th
3  Cir. 1998)(ALJ commits reversible error by misleadingly paraphrasing
4  evidence in record).  Although the ALJ can weigh conflicting evidence,
5  he cannot "reach a conclusion first, and then attempt to justify it by
6  ignoring competent evidence in the record that suggests an opposite
7  result."  Gallant v. Heckler, 753 F.2d 1450, 1455-56 (9th Cir. 1984).

**B.    Remand is Required to Remedy the Defects in the ALJ's Decision**

10      The choice of whether to reverse and remand for further
11 administrative proceedings, or to reverse and simply award benefits,
12 is within the discretion of the Court.  McAlister v. Sullivan, 888
13 F.2d 599, 603 (9th Cir. 1989).  Remand is appropriate where additional
14 proceedings would remedy the defects in the ALJ's decision, and where
15 the record should be developed more fully.  McAlister, 888 F.2d at
16 603; Rodriguez v. Bowen, 876 F.2d 759, 763 (9th Cir. 1990).  An award
17 of benefits is appropriate where no useful purpose would be served by
18 further administrative proceedings, see Gamble v. Chater, 68 F.3d 319,
19 322-23 (9th Cir. 1995), where the record has been fully developed, see
20 Schneider v. Commissioner of the Social Security Administration, 223
21 F.3d 968, 976 (9th Cir. 2000); Ramirez v. Shalala, 8 F.3d 1449, 1455
22 (9th Cir. 1993), or where remand would unnecessarily delay the receipt
23 of benefits.  See Smolen, 80 F.3d at 1292.

24      For the foregoing reasons, the Court finds remand appropriate.
25 The Court finds that the ALJ's discussion of the treating physician's
26 opinion was insufficient.  On remand, the ALJ must thoroughly address
27 the treating physician's assessment and provide specific and
28 legitimate reasons supported by substantial evidence in the record to

1  support his decision to reject the limitations assessed by the
2  treating physicians.[5]

### ORDER

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS the case for further administrative proceedings consistent with the Memorandum Opinion and Order.

DATED: January 30, 2007

                                                  /s/
                                    JENNIFER T. LUM
                                    UNITED STATES MAGISTRATE JUDGE

---

[5] In the Joint Stipulation, plaintiff also contends that the ALJ erred in failing to consider the testimony of plaintiff's friend, failing to apply SSR 00-3p in evaluating the severity of plaintiff's obesity, and failing to properly discuss or consider the impact of the side effects of plaintiff's medication on his ability to work. As explained above, however, the ALJ's errors in evaluating the treating physicians' assessments constitute sufficient reason to remand this case. Moreover, depending on the outcome of the proceedings on remand, the ALJ will have an opportunity to address plaintiff's other arguments again. In any event, the ALJ should consider all the issues raised by plaintiff in the Joint Stipulation when determining the merits of plaintiff's case on remand.